

Andrew M. Minear
212.745.9538
aminear@schiffhardin.com

666 FIFTH AVENUE
17TH FLOOR
NEW YORK, NY 10103
*t* 212.753.5000
*f* 212.753.5044
www.schiffhardin.com

June 24, 2015

**VIA ECF AND E-MAIL ONLY**

Honorable Andrew B. Altenburg, Jr., U.S.B.J.
United States Bankruptcy Court
Mitchel H. Cohen United States Courthouse
400 Cooper Street
Fourth Floor
Camden, NJ 08101

Re:    In re Steven Waszen
        Case No. 15-11470 (ABA)

Dear Judge Altenburg:

    This firm represents secured creditor Barry Richard, the Liquidating Trustee for Liberty State Benefit of Delaware, Inc. *et al.* (the "Liquidating Trustee"). We write in response to the Debtor's objection to the Proposed Order vacating the automatic stay submitted by SA Acquisition Property IV, LLC ("SA Acquisition").

    The Order to Show Cause issued by the Court stated that, "the Debtor and Debtor's attorney shall appear […] TO SHOW CAUSE why the Automatic Stay should not be vacated in Case #15-11470." The Order to Show Cause was not limited to SA Acquisition or any foreclosure proceeding commenced by SA Acquisition. The Debtor's conduct in this case warranted vacating the stay. As noted by the Court, the Debtor employed dilatory tactics by seeking to convert from Chapter 13 to 11 and finally effectively converting to Chapter 7. The Debtor proposed a Chapter 13 plan that was not compliant with the Bankruptcy Code. Subsequently, the Debtor attempted to convert the case to Chapter 11. Finally, on the eve of a hearing to dismiss the case, the Debtor converted to Chapter 7. This case has been pending for nearly six months without any progress. In addition to having no equity in any of his properties, the Debtor has abused the Bankruptcy Code and the automatic stay while this case has been pending for nearly six months. At the hearing on the Court's Order to Show Cause, Mr. Kwasny limited his response SA Acquisition and its foreclosure on the Debtor's principal residence. Mr. Kwasny made no effort to retain the stay with respect to the Liquidating Trustee or other creditors. Notably, the Chapter 7 Trustee did not object to the Order to Show Cause or the form of the Proposed Order. Moreover, and as noted by the Court at the hearing, all of the properties listed on the Debtor's Schedule A have no equity. Based on these facts, the Court vacated the Stay as to all creditors.

    The Proposed Order comports with the Court's ruling. The specific relief in the Order was included by the Liquidating Trustee out of an abundance of caution in light of the Debtor's history of delay and misconduct. The Liquidating Trustee intends to work with the Chapter 7 Trustee in this case to



Honorable Andrew B. Altenburg, U.S.B.J.
June 24, 2015
Page 2

potentially sell the Properties and debt in which the Liberty Liquidating Trust has an interest, listed in the Order a) through d), and provide a carve out for unsecured creditors. But, if the chapter 7 Trustee is unable to sell the Properties, the Liquidating Trustee is entitled to pursue his remedies in State Court. With respect to properties e) through g), the properties are the subject of litigation against the Debtor, his partner, and a title insurer. The properties are not listed on the Debtor's Schedule A and the Liquidating Trustee believes the Debtor has no interest in these properties. However, the Liquidating Trustee is entitled to an order vacating the automatic stay with respect to the properties and litigation because the Liquidating Trustee intends to resume litigation against the title insurer and other non-debtor defendants with respect to a claim under the applicable title policy. The Liquidating Trustee may also pursue discovery against the Debtor in that proceeding.

In any event, the Debtor's objection to the form of Order is simply a further dilatory tactic, for no purpose other than to frustrate his creditors' legitimate interests. Thus, the Liquidating Trustee respectfully requests that the Debtor's objection to the form of the Order be overruled and that the Court enter the Order as submitted.

Sincerely,

Andrew Minear

Andrew M. Minear

23000-1100
NY\52563900.1